# WHITFORD *v.* UNITED STATES.

---

EMINENT DOMAIN; STATUTES; REAPPRAISAL; AWARD.

1. One whose real property is sought to be acquired by the United States in pursuance of a special act of Congress providing for its condemnation in accordance with the provisions of the act of Congress of August 30, 1890 (26 Stat. at L. 412, chap. 837, U. S. Comp. Stat. 1901, p. 2519) is not entitled, after the appraisal of the property by commissioners, to demand the appointment of a jury to make another appraisement in conformity with Sec. 487 of the Code of the District of Columbia [31 Stat. at L. 1266, chap. 854], where the provisions of such section are not found in the act of 1890, although the Code went into effect subsequent to 1890.

2. An award in condemnation proceedings fairly based on the present
market value of the property taken will not be set aside as grossly
inadequate, although the evidence discloses a wide difference of opin-
ion on the question of value, where the value testified to in many
instances is purely speculative and based upon prospective income
under conditions which have no existence.

No. 2476. Submitted January 9, 1913. Decided February 3, 1913.

HEARING on an appeal from a judgment of the Supreme Court
of the District of Columbia confirming the verdict and assess-
ment of a commission appointed to condemn for the use of the
United States certain real estate belonging to the appellant.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment of the Supreme Court
of the District of Columbia confirming the verdict and assess-
ment of a commission appointed to condemn for the use of the
United States certain real estate belonging to Florence O'Brien
Whitford, appellant.

The acquisition of this property was authorized in the act of
Congress of June 25, 1910 (36 Stat. at L. 738, chap. 384),
which provided that if condemnation became necessary, it should
be conducted in accordance with the provisions of the act of
Congress of August 30, 1890 (26 Stat. at L. 412, chap. 837,
U. S. Comp. Stat. 1901, p. 2519), providing a site for the en-
largement of the Government Printing Office. The regularity
of the proceedings below according to the act of 1890 is not
contested. A commission of three disinterested persons, as pro-
vided for in the act, was appointed to appraise appellant's prop-
erty. They duly qualified, performed their duties, and returned
their verdict to the court, which was approved. Appellant, dis-
satisfied with the verdict, requested the court to appoint a jury
of seven to make another appraisement. It is the refusal of the
court to grant this request of which appellant specially com-
plains.

*Mr. George L. Whitford* and *Mr. Michael J. Colbert* for the appellant.

*Mr. Reeves T. Strickland* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The act of 1890, which provided generally for the acquisition by condemnation of real estate in the District of Columbia for public use, in procedure and number of commissioners, was followed in the enactment of chapter 15 of the Code of the District.  Section 486 of the Code [31 Stat. at L. 1266, chap. 854] prescribing the duties of the commissioners in making the appraisement, the approval of the verdict by the court, and the payment of the award, is copied from the original act.  Section 487 of the Code, which was not in the original act, provides: "If any of the parties interested, or the guardian *ad litem* appointed for any such person who may be under a disability, shall be dissatisfied with the appraisement of the commissioners, the marshal shall be directed to summon a jury of seven disinterested men, not related to anyone interested, to meet and view the premises, giving the parties interested at least six days' notice of the time and place of meeting."

It is contended that, since sec. 487 is a later enactment than the act of 1890, it modifies it to the extent of granting, on request of a dissatisfied owner, a second jury of seven members. The difficulty with this contention, in applying it to the present case, is that the special act authorizing the condemnation of appellant's property supersedes the general provisions of the Code, and, though it incorporates the provisions of the act of 1890 by reference, it makes it thereby a part of the later act as effectually as if it had incorporated therein the language of the earlier act, without reference to it.  The provisions of the act of 1890 become a part of the act of 1910, which is special, and not governed by the general provisions of the Code. There being no provision for a second jury of seven members in the act auth-

orizing the present proceeding, it follows that the judgment of the court below in this particular was without error.

It is contended, however, that the award was grossly inadequate. We have examined the evidence carefully. While there is wide diversity of opinion as to the value of the property, the value testified to, in many instances, was purely speculative and based upon prospective income under conditions which had no existence. From the testimony relating to the present market value of the property, which furnishes the true basis of an award, we find no reason to overrule the judgment of the commissioners and the court below. The judgment is affirmed.

*Affirmed.*